UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JAYSHAWN CLEMENTE and DEONTE HOLLEY,    Case No. 23 CV 2702
                    Plaintiffs,

       -against-                         **COMPLAINT**

THE CITY OF NEW YORK, SERGEANT ANTHONY
BOMPAROLA [SHIELD #1227], DETECTIVE       JURY DEMAND
JONATHAN R. DIAS [SHIELD #4340], DETECTIVE
MICHAEL PEREZ [SHIELD #2470], P.O. MICHAEL
ZWEIFLER [SHIELD #14406], DETECTIVE HINOLITO
INOA [TAX REG. #960709], DETECTIVE ANTHONY
DAVILA [SHIELD #2928], P.O. RYAN T. DILLON
[TAX REG. #966034], P.O. OSCAR PALOMINO [TAX
REG. #942321], P.O. LEONARDO A. ESCORCIA [TAX
REG. #964503], P.O. ERIC BORBEE [SHIELD #22871],
and JOHN DOE AND JANE DOE (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),
                  Defendants.
----------------------------------------------------------------------X

Plaintiffs, Jayshawn Clemente and Deonte Holley, by their attorney, The Law Offices of
UGO UZOH, P.C., complaining of the defendants herein, The City of New York,
Sergeant Anthony Bomparola [Shield #1227], Detective Jonathan R. Dias [Shield
#4340], Detective Michael Perez [Shield #2470], P.O. Michael Zweifler [Shield #14406],
Detective Hinolito Inoa [Tax Reg. #960709], Detective Anthony Davila [Shield #2928],
P.O. Ryan T. Dillon [Tax Reg. #966034], P.O. Oscar Palomino [Tax Reg. #942321], P.O.
Leonardo A. Escorcia [Tax Reg. #964503], P.O. Eric Borbee [Shield #22871], and John
Doe and Jane Doe (collectively, "Defendants"), respectfully allege as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action at law to redress the deprivation of rights secured to the
plaintiffs under color of statute, ordinance, regulation, custom, and/or to
redress the deprivation of rights, privileges, and immunities secured to the
plaintiffs by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to
the Constitution of the United States, and by Title 42 U.S.C. § 1983, and
arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

<u>THE PARTIES</u>

4.      Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.      Defendant Sergeant Anthony Bomparola [Shield #1227] was at all times material herein a sergeant or police officer employed by the NYPD. He is named here in his official and individual capacities.

8.      Defendant Detective Jonathan R. Dias [Shield #4340] was at all times material herein a detective or police officer employed by the NYPD. He is named here in his official and individual capacities.

9.      Defendant Detective Michael Perez [Shield #2470] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10.     Defendant P.O. Michael Zweifler [Shield #14406] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant Detective Hinolito Inoa [Tax Reg. #960709] was at all times material herein a detective or police officer employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Detective Anthony Davila [Shield #2928] was at all times material herein a detective or police officer employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant P.O. Ryan T. Dillon [Tax Reg. #966034] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant P.O. Oscar Palomino [Tax Reg. #942321] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

15.     Defendant P.O. Leonardo A. Escorcia [Tax Reg. #964503] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16.     Defendant P.O. Eric Borbee [Shield #22871] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

17.     Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

18.     Defendants Bomparola, Dias, Perez, Zweifler, Inoa, Davila, Dillon, Palomino, Escorcia, Borbee, and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

19.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20.     On January 3, 2020, at approximately 9:30 p.m., defendant officers, acting in concert, arrested plaintiffs without cause at or within the vicinity of 390 Lexington Avenue, Brooklyn, New York, and, upon information and belief, charged plaintiffs with various crimes including N.Y. PL 240.20 'Disorderly conduct'.

21.     Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

22.     Prior to the arrest, plaintiffs, who are cousins, had been out socializing with Deontay's older brother and Jayshawn's cousin, Eddie Hoover, and two of their friends, Destiny and Jatia Flowers.

23.     They were at the time riding in Jayshawn's rental car with Destiny, Deontay, and Eddie seated in the backseat of the car while Jatia was seated in the front passenger seat.

24.     As soon as Jayshawn briefly stopped the car at the aforementioned location to drop off Destiny and Jatia, defendant officers pulled over in their unmarked police vehicles.

25.     Defendant officers then approached the car and immediately asked Jayshawn to produce identification.

26.     At that point, plaintiffs inquired as to why defendant officers were bothering them.

27.     Defendant officers proceeded to forcibly grab Jayshawn and immediately removed the plaintiffs and the other occupants of the car from the car.

28.     Defendant officers tightly handcuffed the plaintiffs with their hands placed behind their respective backs.

29.     Defendant officers then subjected the plaintiffs to illegal and unlawful search.

30.     Defendant officers also proceeded to perform an illegal and unauthorized search of the car.

31.     At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued that either plaintiff saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

32.     Defendant officers did not recover any contraband from their unlawful search of the plaintiffs and/or the car.

33.     Notwithstanding the above, defendant officers eventually pushed the plaintiffs into their police vehicle and transported the plaintiffs to NYPD-79th Precinct for arrest processing.

34.     While at the precinct, defendant officers further subjected the plaintiffs to illegal and unlawful search.

35.     Defendant officers did not recover any contraband from their unlawful search of the plaintiffs.

36.     After detaining the plaintiffs at the precinct for a lengthy period of time, defendant officers caused legal process(es) to issue against the plaintiffs requiring the plaintiff to appear in court to defend the false charge(s) levied against them by defendants.

37.     Plaintiffs subsequently appeared in the criminal court as they were directed but were advised that the prosecutors had declined to prosecute them.

38.     At the time of the arrest, Jayshawn recorded some portion of this arrest/incident on his cell phone.

39.     Defendant officers forcibly removed and seized the cell phone.

40.     Defendant officers subsequently proceeded to erase the video recording from Jayshawn's cell phone.

41.     Upon information and belief, many police officers assigned to NYPD-79th Precinct, which covers the plaintiffs' neighborhood, are familiar with the plaintiffs and their friends and family.

42.     Defendant officers would often stop, frisk, and detain the plaintiffs and some of their friends and family whenever they run into them, and would threaten and/or call out the plaintiffs and their friends and family by name on the rare occasions when they do not stop or detain them.

43.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

44.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

45.     As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

46.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47.     Defendant officers arrested the plaintiffs without probable cause or reasonable grounds.

48.     The conduct of defendant officers, as described herein, amounted to false arrest.

49.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

50.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

51.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52.     Defendant officers forwarded to the prosecutors their falsified records and statements.

53.     Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiffs.

54.     Plaintiffs were required to, and did, appear in court to defend themselves from the false charge(s) levied against them with malice by defendants.

55.     Because of the conduct of the defendants, plaintiffs were maliciously prosecuted.

56.     Eventually, the criminal proceedings terminated in plaintiffs' favor.

57.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

58.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

59.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

60.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61.     Defendant officers manufactured evidence of criminality against the plaintiffs likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiffs.

62.     The plaintiffs were deprived of their liberty as a result.

63.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

64.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

65.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH   CAUSE   OF   ACTION:   UNLAWFUL   STOP   AND   FRISK   AND
UNREASONABLE SEARCH & SEIZURE - against defendant officers

66.       By this reference, plaintiffs incorporate each and every allegation and
averment set forth in paragraphs 1 through 65 of this complaint as though
fully set forth herein.

67.       Defendant officers unlawfully stopped and subjected the plaintiffs to illegal
search of their persons and property.

68.       The conduct of defendant officers, as described herein, amounted to unlawful
stop and frisk and unreasonable searches and seizures.

69.       Such conduct described herein violated plaintiffs' rights under 42 U.S.C. §
1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the
United States Constitution.

70.       Consequently, plaintiffs have been damaged and hereby demand
compensatory and punitive damages in an amount to be proven at trial
against each of the defendants, individually and severally.

FIFTH  CAUSE  OF  ACTION:  EXCESSIVE  USE  OF  FORCE  -  against  defendant
officers

71.       By this reference, plaintiffs incorporate each and every allegation and
averment set forth in paragraphs 1 through 70 of this complaint as though
fully set forth herein.

72.       The conduct of defendant officers, as described herein, amounted to
excessive use of force.

73.       Such conduct described herein violated plaintiffs' rights under 42 U.S.C. §
1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the
United States Constitution.

74.       Consequently, plaintiffs have been damaged and hereby demand
compensatory and punitive damages in an amount to be proven at trial
against each of the defendants, individually and severally.

SIXTH  CAUSE  OF  ACTION:  UNREASONABLE  DETENTION  -  against  defendant
officers

75.       By this reference, plaintiffs incorporate each and every allegation and
averment set forth in paragraphs 1 through 74 of this complaint as though
fully set forth herein.

76.     Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

77.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

78.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

79.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

80.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81.     Defendant officers arrested the plaintiffs in retaliation for questioning their conduct on January 3, 2020.

82.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

83.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

84.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     Defendant officers routinely harass the plaintiffs and their friends and family, and have refused to conduct any investigations concerning the

plaintiffs' complaints simply because they are members of a racial/ethnic minority group.

86.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

87.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

88.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

90.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

91.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

92.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

93.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 92 of this complaint as though fully set forth herein.

94.     In an effort to find fault to use against the plaintiffs who are African Americans, defendant officers met with themselves and with several other individuals on numerous occasions (including, but not limited to, January 3,

2020) and agreed to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

95.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

96.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

ELEVENTH     CAUSE     OF     ACTION:     FAILURE     TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

97.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein.

98.     Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

99.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs on the pretext

that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

100.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

101.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

102.     In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

103.     Notably, numerous civil rights complaints filed in this district have similarly alleged that police officers in those cases, including the defendant officers, routinely harass individuals who are members of various racial/ethnic minority groups and have refused to conduct any investigations concerning their complaints simply because of their membership of the racial/ethnic minority groups. *See*, *e.g.*, *Eddie Hoover v. City of New York* (21 CV 2484); *Mike Josie v. City of New York* (21 CV 2486); *Shaheim Rogers v. City of New York* (19 CV 3360); *Sianna Stewart v. City of New York* (18 CV 4841).

104.     Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Tiara Weber v. City of New York* (22 CV 4518); *Tony Holley v. City of New York* (21 CV 4682); *Dwayne Holley v. City of New York* (21 CV 4681); *Bilal Jacks v. City of New York* (20 CV 1012); *Trevonne King v. City of New York* (19 CV 3361); *Mondaray Whitaker v. City of New York* (18 CV 6897); *Warren Monk v. City of New York* (18 CV 6458); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York*

(15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

105.     Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

106.     As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs.

107.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

108.     The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

109.     By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TWELFTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

110.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 109 of this complaint as though fully set forth herein.

111.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

112.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

113.    The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

114.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

THIRTEENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) -
against defendants

115.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 114 of this complaint as though fully set forth herein.

116.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

117.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

118.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 117 of this complaint as though fully set forth herein.

119.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

120.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

121.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 120 of this complaint as though fully set forth herein.

122.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

123.     Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention, and imprisonment by defendants.

124.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

125.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 124 of this complaint as though fully set forth herein.

126.     Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

127.     Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

128.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

129.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

130.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

131.     Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
          April 11, 2023

UGO UZOH, P.C.

By:     *Ugochukwu Uzoh*
          Ugochukwu Uzoh
          Attorney for the Plaintiffs
          56 Willoughby Street, Third Floor
          Brooklyn, N.Y. 11201
          Tel. No: (718) 874-6045
          Fax No: (718) 576-2685
          Email: u.ugochukwu@yahoo.com